IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY ATKINSON,

        Plaintiff,        Civil No. 04-698-AA

        v.               ORDER

DR. DENEGER, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff's motion (#54) is construed as a motion for partial summary judgment and is denied. Plaintiff has not demonstrated that there are no genuine issues of material fact remaining in this case and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

    Plaintiff's Motion for Stay (of medication) (#58) is construed as a motion for preliminary injunction, and is denied. Plaintiff has failed to demonstrate the requisite

1 - ORDER

irreducible minimum, that he has a fair chance of success on the merits. Stanley v. University of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1994); Committee of Cent. American Refugees v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986).

Plaintiff's Motion for Leave to file an amended complaint (#62) is denied on the ground that plaintiff failed to confer with defendants as required by Local Rule 7.1 before filing the motion and did not comply with the requirements of Local Rule 15.1 concerning submitting the proposed amendment and describing the proposed changes. Moreover plaintiff's amendment would be futile because he has not alleged that the alleged conduct complained of occurred within the applicable 2 year statute of limitations and because an allegation of mere medical negligence does not state a claim cognizable under 42 U.S.C. § 1983.

Plaintiff's Motion (#63) is construed as a motion for partial summary judgment and is denied. Plaintiff has not demonstrated an absence of genuine issues of material fact and that he is entitled to judgment as a matter of law.

Plaintiff's Motion for Leave to file an amended complaint (#65) is denied for the reasons set forth above.

Plaintiff's Motion for partial summary judgment (#71) is denied.

Plaintiff's Motion for Order (advising him how to proceed with his case)(#75) is denied.

Plaintiff's Motion for partial summary judgment (#77) is denied.

Plaintiff's Motion to amend complaint (#80) (to allege matters concerning the alleged conduct of defendants' counsel) is denied.

Plaintiff's motion for extension of time (#82) is allowed to the extent that plaintiff has until February 17, 2006 to "file anything necessary." [extension of Discovery and Pre-Trial Order deadlines].

Plaintiff's Motion to "revive blindness aspect" of his complaint (#85) is denied.

Plaintiff's Motion to Dismiss (#96) is construed as a motion to strike (defendants' statute of limitations defense) and is denied.

Plaintiff's Motion for Extension of Time (for defendants) to Answer (#99) is denied.

Plaintiff's Motion for Extension of Time (#101) is allowed to the extent that plaintiff shall have until March 25, 2006 to respond to defendant Vargo's motion for summary judgment (#88) filed January 25, 2006. [defendant Vargo is

the only remaining defendant in this case]

Plaintiff has filed four motions to compel discovery. However, plaintiff has not specifically alleged which, if any, of the discovery material he has requested from defendants (failure to comply with conference and certification requirement of Local Rule 33.3). Moreover, plaintiff indicates in his Motion to extend time (#82) that he has now received much of the requested material. Accordingly, plaintiff's motions to compel (#61), (#69), (#93) and (#94) are denied without prejudice. Plaintiff is referred to Federal Rules 26 - 37.

IT IS SO ORDERED

DATED this __31__ day of January, 2006.

                                        /s/ Ann Aiken
                                        Ann Aiken
                                        United States District Judge