FILED'06 MAR 17 10:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY ATKINSON,

        Plaintiff,        Civil No. 04-698-AA

        v.        ORDER

DR. VARGO, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff filed a complaint alleging Eighth Amendment violations by the individual defendants and claim under the Americans With Disabilities Act against defendant State of Oregon. Pursuant to previous orders entered by the court, defendant Vargo is the only remaining defendant in this case. Defendant Vargo now moves for summary judgment (#88). Plaintiff has been advised of the federal summary judgment standard. See, Order (#102).

1 - ORDER

As a preliminary matter, plaintiff has filed motions to amend (#62), (#65), (#80) and (#85) ["Motion to revive blindness aspect of plaintiff's complaint"].

Plaintiff has failed to comply with the requirement of Local Rule 15.1(c) requiring a party filing or moving to file, an amended pleading to reproduce the entire pleading and to describe the changes made. Therefor, it is difficult to determine precisely in what respects plaintiff seeks to amend his pleadings.

Plaintiff's Motion (#62) seeks to add a claim for "attorney fees" to be awarded to an attorney previously representing him in this matter, a claim for denial of adequate medical care in 2001 and 2002, and to "revive the date of blindness part of (his) complaint." Plaintiff's proposed amendments regard matters that are time barred or otherwise not actionable under 42 U.S.C. § 1983 or the ADA, for reasons previously set forth in the record and/or explained below.

Plaintiff's Motion to Amend to Amend (#65) seeks to add claims against Dr. Gordon Miller. Plaintiff's proposed claims against Dr. Miller are (based on the record before the court) either barred by the statute of limitations as previously set forth in the record, or otherwise not actionable for the reasons set forth below.

2 - ORDER

In his Motion to amend (#80) plaintiff seeks to add claims based on conduct ["coercion," "harassment" and "extortion"] allegedly occurring after plaintiff filed the complaint in this case and which have nothing to do with the alleged denial of medical treatment giving rise to his claims.

Plaintiff's motion (#85) seeks to "revive" claims previously dismissed by the court in Orders (#8) and (#19) as time barred and/or not actionable under 42 U.S.C. § 1983 or the ADA.

Plaintiff's motions to amend (#62), (#65) (#80 and (#85) are denied.

Motion for Summary Judgment (#88): Plaintiff alleges that during the period of his first incarceration [August 30, 1999 through June 7th, 2002] Dr. Vargo failed to follow an Emergency Room Physician's recommendation that plaintiff be transferred to OHSU Casey Eye Institution for treatment of his eye.[1]

Plaintiff further alleges that during the period of his second incarceration [December 31 through April 20, 2004] Dr. Vargo caused him additional pain and discomfort in by not following treatment recommendations for plaintiff's eye care.

---

[1] The record reflects that plaintiff *was* transported to and treated at the Casey Eye Center. Thus, in addition to all the other reasons discussed herein, plaintiff's claim fails as a factual matter.

3 - ORDER

Statute of Limitations: Plaintiff's complaint alleges that the recommendation that he be transferred to the Casey Eye Center was made in May of 2002. However, plaintiff apparently now acknowledges that this event actually occurred on March 30th, 2002. Plaintiff filed this action on May 24, 2004. Thus, plaintiff's claim is barred by the 2 year statute of limitations applicable to 42 U.S.C. § 1983 claims. See, Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000); Hoestery v. City of Catherdral City, 945 F. 3d 317, 319 (9th Cir. 1981); see also, Orders (#8) and (#19).

Even if plaintiff's allegations can be construed as alleging a "continuing violation" thereby rendering the accrual of a claim within the limitations period, defendant Vargo is entitled to judgment as a matter of law for the reasons set forth below.

Qualified Immunity: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also, Saucier v. Katz, 533 U.S. 19, 201) (2001).

Although plaintiff's right to adequate medical care is a clearly established constitutional right of which a reasonable person in Dr. Vargo's position would have known, what constitutes constitutionally adequate medical care in the specific factual circumstances of plaintiff's situation is not clearly established.

As discussed below, I find that Dr. Vargo was not deliberately indifferent to plaintiff's serious medical needs and did not violate plaintiff's constitutional rights. However, even if some aspect of plaintiff's medical care could be construed as constitutionally inadequate, I find that under the undisputed facts of record that Dr. Vargo is entitled to good faith immunity from liability to plaintiff because he did not violate plaintiff's clearly established constitutional rights.

Eighth Amendment analysis: In the context of a claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976).

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if

5 - ORDER

it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972.

The fact that medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), carries with it the important corollary that a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eq., Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).

Basic to the consideration of a claimed denial of adequate medical attention is the principle that, because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir.

6 - ORDER

1985).

Defendant acknowledges that "Plaintiff suffers from a serious medical condition in that when his herpetic keratits in his right eye flares up, verses when it is dormant, he needs medical treatment." Defendant Vargo's Memorandum #89) p. 11. Typical treatment for plaintiff's condition is the use of steroidal eye drops (*Prednisolone Asetate*), antibiotics (*Ciloxan*) and (*Virotic*) to decrease the activity of the herpes virus. See, Defendants Concise Statement of Facts (#90), p. 3.

Plaintiff alleges in his complaint that Dr. Vargo failed to follow the emergency room doctor's recommendation to transport plaintiff to OHSU Casey Eye Institution for treatment. However, the record is clear that plaintiff **was** taken to the Casey Eye Institution on March 30, 2002, for treatment after his emergency room visit. See, Defendants' Concise Statement of Facts (#89) p. 3 and Defendants' Exhibit 101, Attachment No. 1 at pp. 301 and 315; see also, Plaintiff's briefs and exhibits. Plaintiff was treated at the Casey Eye Institution on a weekly basis thereafter until May 28, 2002, when he was released from the infirmary at OSP.

Thus, plaintiff's claim based on defendant Vargo's alleged failure to follow the treatment recommendation fo the emergency room doctor fails as a factual matter.

7 - ORDER

Plaintiff claim arising out of his second period of incarceration is based on the general allegation that Dr. Vargo caused him additional pain and discomfort by not following treatment recommendations for the care of his eye condition.

The record reflects that Dr. Vargo only had one interaction with plaintiff during his second period of incarceration, when on May 6, 2003, plaintiff complained to Dr. Vargo about his prescription for eye glasses expiring. Dr. Vargo responded by ordering an ophthalmologial examination by Dr. Miller. Defendant's Concise Statement of Facts (#89) p. 4. By referring plaintiff to Dr. Miller for examination and then following the treatment recommendations[2], Dr. Vargo was not deliberately indifferent to plaintiff's serious medical needs.

To the extent that there may have been a disagreement between Dr. Vargo and other physicians regarding the proper course of treatment for plaintiff's eye condition, a difference of medical opinion does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

---

[2]Dr. Miller has reviewed all the physicians orders contained in plaintiff's ODOC medical file. According to Dr. Miller, Dr. Vargo ordered all of Dr. Miller's medical treatment recommendations with deviation. See Defendant's Concise Statement of Facts (#89) p. 3.

8 - ORDER

I find that plaintiff received proper and constitutionally adequate medical treatment for his herpetic keratits in his eye and that defendant was not deliberately indifferent to plaintiff's serious medical need. Although plaintiff may disagree with Dr. Vargo's medical opinion concerning treatment, plaintiff's opinion does not give rise to a claim under the Eighth Amendment. <u>See</u>, <u>Miranda v. Munoz</u>, <u>supra</u>; <u>Franklin v. Oregon</u>, <u>supra</u>.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendant Vargo is entitled to judgment as a matter of law. Defendant Vargo's Motion for Summary Judgment (#88) is allowed. This action is dismissed in its entirety as to all defendants, with prejudice. Plaintiff's motions (#112), (#117), (#126), (#128), (#133), (#140), (#147) and all other pending motions are denied on the merits or as moot.

IT IS SO ORDERED

DATED this 17 day of March, 2006.

Ann Aiken
United States District Judge

9 - ORDER